**FILED**

JAN - 5 2007

CLERK

## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH DAKOTA
## NORTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

NICHOLLE NOELDNER

Plaintiff,

vs.

CITY OF WATERTOWN, JOANNE
VITEK, Personally and
as Police Chief for the City
of Watertown Police Department

Defendants

CIVIL ACTION NO. 07-1001

**COMPLAINT**

**Jury Trial Demanded**

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Nicholle Noeldner Plaintiff, by and through her attorney Harvey A. Oliver,

for her complaint against the Defendants, respectfully alleges upon information

and belief as follows:

### PARTIES

1.    Plaintiff, at all times relevant to this action, was a female police officer

employed by the City of Watertown Police Department, residing in Watertown

South, Dakota and covered employee within the meaning of Title VII of the Civil

Rights Act of 1964, as amended, 42 U.S.C. § 2000e, and the Civil Rights Act of

1991, 42 U.S.C. § 1981a. Plaintiff furthermore was at all times relevant to this

action a union member of the Drivers and Helpers Union Local 749 Affiliated with

the International Brotherhood of Teamsters, which had a valid and binding union

contract with the City of Watertown, Police Department.

2.     Defendant City of Watertown, is a political subdivision under the laws of the State of South Dakota, situated in Watertown, South Dakota, and a covered employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended  (hereinafter referred to as "Defendant City of Watertown").

3.     Defendant Joanne Vitek is an individual and a resident of the state of South Dakota, and at all times relevant to this action was employed by the City of Watertown as the Chief of Police. (hereinafter referred to as "Defendant Vitek").

## JURISDICTION

4.     The jurisdiction of this Court as to this claim alleged against the Defendants is based upon the original complaint against defendant pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5, the general civil rights jurisdictional provisions of 28 U.S.C. 1343(a)(4) as well as supplemental and pendent-party jurisdiction under 28 U.S.C. § 1367. The unlawful employment practices alleged herein took place in the State of South Dakota, at the City of Watertown Police Department.

## ADMINISTRATIVE PROCEDURES

5.     Plaintiff filed a charge of discrimination with the South Dakota Division of Human Rights on March 8, 2006.  The charge was also filed with the Equal Employment Opportunity Commission in Chicago, Illinois.

2

6.     Plaintiff received from the South Dakota Division of Human Rights notice of its determination of probable cause dated August 24, 2006 and right to sue dated September 18, 2006.   Plaintiff received from the U.S. Equal Employment Opportunity Commission notice of a right to sue dated October 19, 2006

7.     Plaintiff has satisfied all of the procedural and administrative requirements set forth in Section 706 of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e-5) , SDCL Ch. 20-13, and Watertown civil service procedures.

8.     During approximately the month of August 2004, Agent Jon Bierne of the South Dakota Department of Criminal Investigations (hereinafter referred to as "DCI") subjected Plaintiff to a sexual advance while they were traveling together to conduct an investigation and that prior to advance Agent Bierne had made other sexually inappropriate comments to Plaintiff.

9.     Plaintiff rejected the advance and Agent Bierne did not repeat the inappropriate behavior.

10.     After returning from the trip, Plaintiff reported the advance to the Assistant Chief of the police department but no action was taken.

11.     At all times relevant to this action, Plaintiff was engaged in a difficult divorce with her then husband, who had been engaging in stalking and threatening behavior.

12.     On August 23, 2005, Plaintiff was in Sioux Falls, South Dakota assisting her mother-in-law with a mental health commitment for Plaintiff's husband.

3

13.     During the course of the commitment process several Sioux Falls officers, were called by hospital personnel to the hospital to assist staff in the commitment process. The officers on there own initiative, interviewed Plaintiff concerning why the commitment was not taking place in Codington county and Plaintiff's inability to avail herself of assistance from law enforcement in her community.

14.     In response to questions from the officers, Plaintiff informed the Sioux Falls law enforcement officers of the incident with Bierne in explaining why she could not seek assistance from the South Dakota Division Of Criminal Investigation ("DCI"). Sioux Falls law enforcement officers considered the matter as a report of sexual harassment and reported Plaintiff's claims to the DCI. The DCI initiated a sexual harassment investigation of the incident involving Agent Bierne.

15.     The DCI investigator determined that Plaintiff's claims of sexual advances or harassment by Agent Bierne were false and their conclusions were forwarded to the City of Watertown Police Department with DCI encouragement to take disciplinary action against Plaintiff, the purpose of which was to punish plaintiff for making the report.

16.     The City of Watertown Police Department conducted an investigation and ultimately terminated Plaintiff on November 11, 2005, citing among other things, plaintiff's statements regarding agent Bierne's conduct to the Sioux Falls officers and that because said claims were false she engaged in false reporting and conduct unbecoming an officer.

17.   Defendant Vitek also in her termination of the Plaintiff asserted that the Plaintiff was being terminated in part for her providing assistance to Spink County law enforcement officers involving crimes committed both in Spink County and a probable homicide which occurred in Codington County, South Dakota.

## FIRST CAUSE OF ACTION – TITLE VII VIOLATIONS

18.   Plaintiff realleges and incorporates by reference paragraphs 1 through 17 above.

19.   That Defendant's termination of Plaintiff's employment was in retaliation for plaintiffs opposition to illegal employment practices or conditions and or because of plaintiffs participation in an investigation of such practices, which termination was, in violation of Title VII of the Civil Rights Act of 1964, as amended and the Civil Rights Act of 1991, 42 U.S.C. § 1981a

20.   As a direct and proximate result of Defendant's violation of law, Plaintiff has incurred a loss of income, loss in earning capacity, loss of employment benefits and opportunities, injury to reputation; and,  has suffered and continues to suffer from severe mental anguish and emotional distress as a direct result therefrom, in an amount that will be set forth at trial.

## SECOND ADDITIONAL AND ALTERNATIVE CAUSE OF ACTION – STATE LAW CLAIMS

21.   Plaintiff realleges and incorporates by Reference paragraphs 1 through 20 above.

22.   The treatment of Plaintiff by Defendants and by other employees constituted a violation of SDCL Ch 20-13 and Watertown ordinances and policies.

23.   The Defendant's termination of employment in violation of the foregoing provisions; and/or, for plaintiff's providing aid and assistance to area law enforcement officers for the purpose of solving crimes which occurred in the State of South Dakota is violative of the public policy of this state.

24.   The defendants conduct was a breach of the collective bargaining agreement and City of Watertown's Ordinances and policies to which the plaintiff was a direct or third party beneficiary in the following respects, *inter alia*: (i) the defendants failed to grant to the plaintiff, timely and required redress and review of her termination; (ii) the termination itself was without just cause.

25.   Defendants acted tortiously by intentional outrageous conduct with the intent to cause plaintiff extreme emotional distress, which conduct did cause extreme emotional distress, to plaintiff's damage.

26.   As a direct and proximate result of Defendant's conduct, Plaintiff has incurred a loss of income, loss in earning capacity, loss of employment benefits and opportunities, injury to reputation, and has suffered and continues to suffer from severe mental anguish and emotional distress as a direct result therefrom, in an amount that will be set forth at trial.

WHEREFORE, Plaintiff prays that the Court grant the following relief:

1.   Enjoin the Defendants from failing or refusing to:

    (a)   Provide sufficient remedial relief to make Plaintiff whole for the losses she suffered as a result of the retaliatory conduct against her as alleged in this complaint; and

    (b)   Take other appropriate measures to overcome the effects of the retaliation and discharge.

2.   Award compensatory damages to Plaintiff as would fully compensate her for injuries caused by the Defendant's conduct, pursuant to and within the statutory limitations provided under applicable law.

3.   Award punitive damages to Plaintiff as a result of Defendant's intentional conduct.

4.   For Plaintiff's legal fees and costs for prosecution of this matter pursuant to and within the statutory limitations provided under applicable law.

5.   Award equitable and other relief as provided under 42 U.S.C. § 2000e-5(g).

6.   For such other remedies that this court feels just and equitable.

### Jury Trial Demand
PLAINTIFF DEMANDS TRIAL BY JURY ON ANY ISSUE SO TRIABLE

Dated this  2nd day of January, 2007.

KIMBERLY DORSETT & HARVEY A. OLIVER
Attorneys for the Plaintiff
P.O. Box 114,
Suite 222, 415 S. Main St.
Aberdeen, South Dakota 57401
605.225.1200

7