

**FILED**

MAY 1 4 2008

CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| NICHOLLE NOELDNER, | * | CIV 07-1001 |
| Plaintiff, | * | |
| -vs- | * | ORDER AND OPINION |
| CITY OF WATERTOWN, | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

On April 1, 2008, defendants served and filed an affidavit (Doc. 45) of Joanne Vitek (which contains many references to "Sargent" (sic)), defendant's statement of undisputed material facts (Doc. 46), a supporting memorandum of law (Doc. 45), and a motion for summary judgment (Doc. 44).

Plaintiff at one point filed a motion to amend the complaint and I denied such motion after I had pointed out some problems with the proposed amended pleading (Doc. 23). Counsel then stipulated to allow plaintiff to file an amended complaint and I signed an order to allow the same (Doc. 33) despite some misgivings about confusing allegations in the amended complaint. In addition, the amended complaint dropped Joanne (sic) (whose first name is actually spelled Joanna) Vitek as a party despite the fact that dropping or adding parties should not be accomplished by an amended complaint but rather a motion followed by an Order under Fed.R.Civ.P. 21. Pleadings and motions are dealt with under Part III of the Federal Rules of Civil Procedure and parties are dealt with under Part IV of the Rules.

In any event, there has been no objection and the sole remaining defendant is now the City of Watertown. This is despite the fact that some later documents by the court

have erroneously included Vitek as a defendant.  Defendant timely answered (Doc. 40) the first amended complaint (Doc. 38).

Plaintiff has not been represented by counsel since the court entered an order (Doc. 41) on February 25, 2008, to allow plaintiff's then attorneys to withdraw.  Plaintiff had been given opportunities to object to such withdrawal and did not object.  No attorney has since appeared for the plaintiff.  Attorney Harvey A. Oliver, one of plaintiff's former attorneys, promised in his letter of February 14, 2008, to the court that he and his associate attorney, Kimberly A. Dorsett, would "endeavor to assist [plaintiff] in obtaining a new attorney and would represent to the Court that we will work with new counsel in bringing them up to speed as quickly as possible."  Apparently, all efforts to find an attorney for plaintiff have been unsuccessful.

With the summary judgment motion and supporting papers having been served and filed on April 1, plaintiff had until April 24 to reply and no rely has been served or filed.  Pursuant to D.S.D.LR 56.1 (C), plaintiff was required to oppose the motion (if she wished to do so) with a "separate, short, and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried."  Plaintiff would be required to "respond to each numbered paragraph in the moving party's statement with a separately numbered response and appropriate citations to the record."  Plaintiff has failed to do so and, pursuant to D.S.D.LR 56.1 (D): "All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party."

All undisputed material facts set forth in Doc. 46 are now deemed to be admitted by plaintiff.

The question arises whether the court is required to wait until plaintiff does something.  Is the court required to provide legal advice to plaintiff?  The answer to both questions is "no."

Eighth Circuit law is instructive.  "We first reject Bennett's contention that the District Court was--or should have been--responsible for advising him, as a pro se

2

litigant, of the date by which he was to respond to . . . [the] motion for summary judgment. Our Circuit does not have a requirement that such affirmative notice be given. *See Beck v. Skon*, 253 F.3d 330, 333 (8th Cir. 2001)." <u>Bennett v. Dr. Pepper/Seven Up, Inc.</u>, 295 F.3d 805, 808 (8th Cir. 2002).

"Bennett's 'pro se status did not entitle him to disregard the Federal Rules of Civil Procedure,' even without affirmative notice of the application of the rules to his case. *Carman v. Treat*, 7 F.3d 1379, 1381 (8th Cir. 1993). The local rule requiring a response to a summary judgment motion within twenty days was clear. *See Ceridian Corp. v. SCSC Corp.*, 212 F.3d 398, 404 (8th Cir. 2000) (noting that where the language of a rule is unambiguous, a party's failure to follow it will not constitute excusable neglect under Rule 60(b)). Bennett had followed the rules as a pro se litigant up until the time DPSU's motion was filed and will not now be heard to argue that he should be excused from adherence to these rules because he chose to proceed pro se." <u>Id.</u>

The unopposed motion for a summary judgment should be granted. There are no genuine issues of material fact for trial.

Now, therefore,

IT IS ORDERED that the motion for a summary judgment (Doc. 44) is granted and this case is dismissed on the merits and with prejudice. No costs shall be taxed.

Dated this _14th_ day of May, 2008.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____ DEPUTY
(SEAL)

3